UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ENCISO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TIM BUSBY, Warden,<br><br>　　　　　Respondent. | Case No. CV 10-8197 CJC (JCG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which Petitioner has objected. *See* 28 U.S.C. § 636(b)(1)(C).

In large part, Petitioner's Objections rehash the arguments made in the Petition and the Traverse and are without merit for the reasons stated in the Report and Recommendation.

In one small part, however, Petitioner endeavors to recharacterize his due process claim in ground one as based on an *arbitrary* deprivation of his state-

created right to a unanimity instruction.  Granted, the Due Process Clause protects against the "arbitrary deprivation" of a liberty interest to which a defendant is "entitled under state law," *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980), and, indeed, California law requires a unanimous verdict in a criminal case, *People v. Russo*, 25 Cal.4th 1124, 1132 (2001).  But here, even assuming for argument's sake that Petitioner had a due process liberty interest in a unanimous verdict, he has not *demonstrated* that the failure to give a specific unanimity instruction amounted to any deprivation of that right, nor that the state court's conclusion to that effect was somehow unreasonable, as he must under the Antiterrorism and Effective Death Penalty Act.

First, Petitioner only speculates that the jury's initial question – asking for "options" if jurors believed that Petitioner committed the "crime" but were unsure of the dates – indicated a mistaken belief that there was only one "crime, rather than three discrete events." (Obj. at 2.)  But such speculation is unwarranted. Because, the jury foreman later clarified that the jury simply wanted a readback of testimony "regarding the dates of *each alleged charge*." (RT at 2103 (emphasis added).)  In other words, the jury understood that *three* separate crimes were advanced in Petitioner's case.  In fact, the three separate verdict forms – one for each count – indicated three separate crimes committed on three separate, specified dates (CT at 108–10), as did the information (CT at 62-63) and the prosecutor's closing argument (RT at 1817).

Second, the California Court of Appeal found that Petitioner had *no* state law right to a unanimity instruction with respect to counts one and three here. Because, according to the state appellate court, in its reason decision, the evidence showed only a single assault on each of the days specified in those counts.  Thus, no danger was presented that the jury would select different acts in finding guilt on those counts.  This Court is bound by the California court's interpretation of its

own state law, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (*per curiam*) and, for that matter, the state court's own determination that the evidence showed only a single criminal act on the specified dates was a reasonable one based on the record.

In a similar vein, although the California Court of Appeal found that state law required a unanimity instruction with respect to count two, that state appellate court ensured, again, that no deprivation occurred by independently determining that any error was harmless beyond a reasonable doubt. *See People v. Wolfe*, 114 Cal.App.4th 177, 186-89 (2003) (failure to give unanimity instruction subject to harmless error review under the standard in *Chapman v. California*, 386 U.S. 18 (1967)). This Court cannot quarrel with that determination, for the reasons stated in the Report and Recommendation. *See Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) ("[I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the "substantial and injurious effect" standard set forth in *Brecht* [ *v. Abrahamson*], 507 U.S. 619 [(1993)], whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in *Chapman* . . ."). Thus, habeas relief is not warranted on this claim.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and adopted.
2. Judgment be entered dismissing this action with prejudice.
3. The Clerk serve copies of this Order and the Judgment on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate

of appealability.

DATED: July 8, 2011        _____
                           HON. CORMAC J. CARNEY
                           UNITED STATES DISTRICT JUDGE